FARR *v.* HAGGERTY.

1. VERDICTS AND FINDINGS—SPECIAL QUESTIONS.

Special questions must be plain and unambiguous and call for findings on questions of fact which are conclusive of the real issue involved in the case (3 Comp. Laws 1929, § 14290).

2. TRIAL—SPECIAL QUESTIONS—AUTOMOBILES.

> In action for damages for injuries sustained in automobile collision special question to jury as to whether rear end of defendants' car "hooked" front end of plaintiff's car *held*, ambiguous, in view of the testimony and argument of counsel (3 Comp. Laws 1929, § 14290).

3. AUTOMOBILES—SPECIAL QUESTIONS—PROXIMATE CAUSE.

> In automobile accident case where answer to special question as to whether rear end of defendants' car "hooked" plaintiff's car is not conclusive of real issue in case, *i. e.*, whether collision was caused by defendants' car striking plaintiff's or *vice versa*, nor necessarily inconsistent with general verdict, negative answer thereto does not control general verdict for plaintiff (3 Comp. Laws 1929, § 14290).

Appeal from St. Clair; Robertson (William), J. Submitted October 29, 1935. (Docket No. 141, Calendar No. 38,692.) Decided December 10, 1935.

Case by Elva M. Farr against Loretta Haggerty and Edward Young for personal injuries sustained in an automobile collision. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Walsh, Walsh & O'Sullivan,* for plaintiff.

*Stewart & Black* (*William C. Searl,* of counsel), for defendants.

FEAD, J. As plaintiff was driving east on Lapeer avenue in Port Huron defendant Haggerty, driving defendant Young's car, came up from behind to pass plaintiff and there was a collision, in which plaintiff's car was driven to the right against a telephone pole, the car damaged, and plaintiff injured. The rear right fender of the Young car and left front fender of plaintiff's car were the points of contact.

The issue was narrow and definite and clearly submitted to the jury. Plaintiff's claim and testi-

mony were that the Young car swung to the right in front of her as it was about to pass and caused the collision. Defendants' claim and testimony were that Miss Haggerty had wholly passed plaintiff and thereafter plaintiff came up from behind and struck the Young car.

In her declaration plaintiff alleged that the rear end of the Young car "hooked" the front end of her car. In her testimony she used the words "caught" and "hit."

The court, on request of defendants, submitted to the jury the special question:

"Did the rear end of the car driven by Loretta Haggerty hook the front end of Mrs. Farr's car and throw it into the pole?"

When the question was proposed, discussion arose as to the meaning of the words, plaintiff moved to amend her declaration by substituting "collided with and bumped against" for "hooked" and the court held the amendment unnecessary and denied it.

Counsel argued the meaning of "hooked" to the jury, plaintiff contending for a broad and defendants for a narrow construction. The jury answered the question in the negative but gave plaintiff a verdict, upon which judgment for her was entered.

Defendants contend the general verdict was inconsistent with the answer to the special question and the latter must prevail.*

Special questions—

"Must be plain and unambiguous and call for findings on questions of fact which are conclusive of the real issue involved in the case." *Gilbert* v. *Stickley*, 204 Mich. 342, 345.

* See 3 Comp. Laws 1929, § 14290.—REPORTER.

In connection with the testimony and argument of counsel, the special question was ambiguous because "hooked," "caught," and "hit" have both separate and overlapping meanings.

Moreover, the answer would not be conclusive of the real issue of the case nor necessarily inconsistent with the general verdict. Stripped to its essentials, the real issue of fact was whether the collision was caused by defendant Young's car striking plaintiff's or plaintiff's car striking defendant Young's. The jury consistently could find that defendant Young's car "caught" or "hit" plaintiff's, but, technically, did not "hook" it.

Affirmed, with costs.

POTTER, C. J., and TOY, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.